[Cite as *Dickinson v. Dickinson*, 2012-Ohio-4856.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| JEANNE A. DICKINSON | : | |
| | : | Appellate Case No. 2012-CA-5 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No.   11-DR-151 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| KYLE L. DICKINSON | : |   Court, Domestic Relations) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2012.

. . . . . . . . . . .

DARRELL L. HECKMAN, Atty. Reg. #0002389, Harris, Meyer, Heckman & Denkewalter, LLC, One Monument Square, Suite 200, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellant

WOLODYMYR STRILECKJ, Atty. Reg. #0021206, 8 North Limestone Street, Suite B, One Monument Square, Suite 200, Urbana, Ohio 43078
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Plaintiff-appellant Jeanne Dickinson appeals from a judgment and decree of divorce. Ms. Dickinson contends that the trial court abused its discretion when it failed to award her spousal support and failed to divide the marital debt equally.

{¶ 2}     The evidence in the record establishes that Ms. Dickinson is currently unable to meet her monthly expenses using her current income and that she has been required to utilize more than half

of her assets received in the divorce settlement to meet those expenses. Mr. Dickinson's income is double Ms. Dickinson's income, and there is no evidence that he cannot meet his expenses if ordered to pay some amount of spousal support. We conclude, therefore, that the denial of spousal support is error. We further conclude that the trial court erred when it allocated debt to Ms. Dickinson upon the mistaken belief that it was non-marital debt. Accordingly, that part of the judgment of the trial court failing to award spousal support, and assigning the debts of the parties, is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for further proceedings.

## I. The Course of Proceedings

{¶ 3}   I.   The Dickinsons were married in 1998. Ms. Dickinson filed this action for divorce in June 2011. The parties entered into several agreed orders. In the first of these agreed judgment entries, Ms. Dickinson was awarded 39 shares of Honeywell stock, valued at $1,735.80. In the same entry, Ms. Dickinson was awarded the sum of $5,542.82 from Mr. Dickinson's Ohio Deferred Compensation account by means of a Qualified Domestic Relations Order. The entry left a balance of $7,278.62 in Mr. Dickinson's Deferred Compensation account.

{¶ 4}   In the second agreed judgment entry of the same date, the parties agreed that "they have the following determinate marital debts: A. Bank of America $11,161.69; B. Department of Transportation Credit Union $5,028.00." A third entry noted that "it would be equitable for [Ms. Dickinson] to pay" the sum of approximately $913.12 in debt that was accrued in her name. The same entry assigned $298.66 in debt to Mr. Dickinson.

{¶ 5}   Finally, the last agreed entry provided that the "household goods are divided to the satisfaction of the parties. Each party will keep the household goods in their possession. This division of household goods is equitable and each party has received an approximately equal share of marital household goods." At some point, Mr. Dickinson refinanced the mortgage on the marital residence, which he retained. Ms. Dickinson received the sum of $20,668.50 as her share of the equity accrued in

the residence.

**{¶ 6}**     The matters of spousal support, debt allocation and retirement benefits allocation were tried before the court.   In its Judgment Order and Decree of Divorce, the trial court declined to award spousal support to either party.   The trial court also ordered Ms. Dickinson to be solely responsible for the debt of $11,161 owed to Bank of America.   Finally, the trial court awarded Ms. Dickinson one-half of Mr. Dickinson's retirement benefits accrued during the term of the marriage.     Ms. Dickinson appeals.

## II.   The Trial Court Erred by Failing to Award Spousal Support

**{¶ 7}**     Ms. Dickinson's First Assignment of Error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY FAILING TO AWARD SPOUSAL SUPPORT TO APPELLANT.

**{¶ 8}**     Ms. Dickinson contends that the failure to award spousal support constitutes an abuse of discretion and is against the manifest weight of the evidence.

**{¶ 9}**     Domestic relations courts are vested with discretion concerning awards of spousal support, and their orders will not be disturbed on appeal absent an abuse of discretion.   *Smith v. Smith,* 182 Ohio App.3d 375, 2009-Ohio-2326, 912 N.E.2d 1170, ¶ 77 (2d Dist.). The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable."   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 10}**     The purpose of spousal support is "for sustenance and support of the ... former spouse."   R.C. 3105.18(A).   R.C. 3105.18(C)(1) provides:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income

derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(I) The relative assets and liabilities of the parties, including but not limited to any court ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 11} In this case, the trial court made the following findings in accord with R.C. 3105.18(C):

[Ms.] Dickinson receives Social Security Disability in the amount of $903.00 per month.

[Mr.] Dickinson is employed by the State of Ohio and earns approximately $49,000 per year, netting $1,040.00 every two (2) weeks.

[Ms.] Dickinson received $20,668.50 in settlement of the real estate division.

[Ms.] Dickinson received $5,542.82 from Defendant's deferred compensation plan.

* * *

[Ms.] Dickinson states she is unable to work due to disability. She receives Social Security Disability. Although she stated her disability prevents her from being able to walk long distances, there was no evidence presented that she could not work a job where she is not required to walk long distances.

[Mr.] Dickinson is employed and should be able to work for 7 to 12 more years. In this employment, he will earn more than [Ms. Dickinson].

* * *

[Ms.] Dickinson is 61 years old. [Mr.] Dickinson is 58 years old.

[Ms. Dickinson] has COPD which prevents her from walking long distances.

[Mr. Dickinson] is in good health for the most part.

* * *

[Ms.] Dickinson has no retirement plan.

[Mr.] Dickinson is enrolled in PERS through his employer, the State of Ohio.

[Ms.] Dickinson will receive one-half (1/2) of the marital portion of [Mr. Dickinson's] retirement.

* * *

The parties were married for 13 years and 4 months at the time this case was heard.

* * *

The parties established a modest standard of living. They owned their own house, have motor vehicles, and took vacations.

* * *

[Mr.] Dickinson received the marital residence by prior agreement. He refinanced the property and now has a mortgage with an approximate balance of $57,000. He paid [Ms. Dickinson] $20,668.50 for her share of the equity at the time he refinanced.

[Ms.] Dickinson has credit card debt in the approximate amount of $11,161.00. [Mr.] Dickinson has credit card debt in the approximate amount of $5,028.00. [Ms.] Dickinson received $5,542.82 from [Mr. Dickinson's] deferred compensation plan.

{¶ 12} The trial court awarded Ms. Dickinson one-half of Mr. Dickinson's retirement benefits accrued during the marriage as division of marital property. The court ordered Ms. Dickinson to pay the $11,161 Bank of America credit card debt, and Mr. Dickinson was assigned the $5,028 credit card debt owed to his credit union. The trial court further ruled that it "is reasonable and appropriate that neither party pay the other spousal support. The court does not retain jurisdiction over the issue of spousal support."

{¶ 13} As noted above, Ms. Dickinson received $20,668.50 as her portion of the real estate settlement. She also received Honeywell stock valued at $1,735.80, as well as $5,542.82 from Mr. Dickinson's deferred compensation account. She was also allocated a portion of Mr. Dickinson's retirement benefits through PERS. She was allocated over $11,000 in debt.[1] She testified that her disability benefits were set to increase by 3.6%, but that following the divorce she would be required to pay an extra $100 per month for medicare insurance coverage. The record demonstrates that the parties' property settlement was equitable and approximately equal.

{¶ 14} Ms. Dickinson presented evidence that she has monthly living expenses of

---

[1] As will be discussed below, this debt constitutes marital debt.

$1,973.87. While Mr. Dickinson testified that he "disagreed" with the amount of her monthly expenses, he presented no evidence to rebut her evidence on this subject. Obviously, Ms. Dickinson's expenses exceed her income of $903 per month by approximately $1,000. Ms. Dickinson also testified that, at the time of the hearing, she had already used almost half of the monies received from the real estate settlement for payment of her expenses. It is not clear from the record when Ms. Dickinson will begin to receive her portion of Mr. Dickinson's retirement benefits.

{¶ 15} Moreover, as noted by the trial court, Mr. Dickinson nets slightly over $1,000 in pay every two weeks. This is approximately $1,000 more than Ms. Dickinson receives from the Social Security Administration in monthly disability benefits. Although the trial court implies that Ms. Dickinson is capable of working, the only evidence in the record before us demonstrates that she is disabled and unemployed due to her COPD.

{¶ 16} The record demonstrates that Ms. Dickinson is not able to meet her monthly living expenses solely from her social security disability income, and that she has used approximately half of her property settlement to meet her expenses. There is no evidence that these expenses are for extravagant or unnecessary purposes. Conversely, there is no evidence that Mr. Dickinson is unable to meet his expenses. Furthermore, his monthly income is more than $1,000 greater than Ms. Dickinson's.

{¶ 17} In view of the fact that Ms. Dickinson's necessary expenses exceed her income, while Mr. Dickinson earns double the amount of Ms. Dickinson's income, we conclude that the trial court abused its discretion by failing to award some amount of spousal support for a definite amount of time. Accordingly, the First Assignment of Error is sustained.

### III. In View of the Stipulation of the Parties, the Trial Court Erred in Concluding that the Debts of the Parties Were Non-Marital

{¶ 18} Ms. Dickinson's Second Assignment of Error states as follows: THE

TRIAL COURT ERRED IN ITS DIVISION OF CREDIT CARD DEBT.

{¶ 19} Ms. Dickinson contends that the trial court erred by allocating over $11,000 in marital debt to her, while only allocating a little over $5,000 in marital debt to Mr. Dickinson.

{¶ 20} A trial court enjoys broad discretion when dividing marital property. *Buzard v. Buzard*, 2d Dist. Clark No. 2011 CA 18, 2012-Ohio-2658. R.C. 3105.171(B) requires a trial court to divide marital property equitably between the parties. Likewise, debts are also considered part of the marital property that must be divided. *Ulliman v. Ulliman,* 2d Dist. Montgomery No. 22560, 2008-Ohio-3876, ¶ 28. "The division decision begins with an equal division, but the court may divide the property unequally if it believes that equality would be inequitable. R.C. 3105.171(C)(1)." *Id.*

{¶ 21} We note that despite Ms. Dickinson's testimony that a portion of the debt is marital, the trial court found that there is no "concrete evidence" that any portion of the debt allocated to Ms. Dickinson includes marital debt. Thus, it appears that the trial court assigned the debt to Ms. Dickinson on the assumption that the debt was her non-marital debt. This was error. The parties filed an agreed entry prior to the hearing designating the debt as marital. And, given our discussion above regarding Ms. Dickinson's lack of sufficient income, the decision to assign to her a disproportionate amount of the debt that the parties stipulated to be marital constitutes an abuse of discretion.

{¶ 22} The Second Assignment of Error is sustained.

## IV. Conclusion

{¶ 23} Both of Ms. Dickinson's assignments of error having been sustained, that part of the judgment of the trial court: (1) failing to award spousal support; and (2) allocating the debts of the parties, is Reversed; the judgment is Affirmed in all other respects; and this cause is Remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurring in part and dissenting in part:

{¶ 24}  I agree that for a thirteen year marriage with the apparent disparity in income in this case, it was error not to order some spousal support. But amount and manner of payment for such an award, whether as a lump sum or over some transitionary period of time, should be left to the discretion of the trial court. To that extent, I concur with the majority.

{¶ 25}  With regard to the division of the two credit card obligations, one of approximately $11,000 solely in the name of the wife and one of approximately $5,000.00 solely in the name of the husband, I don't believe the trial court's division was an abuse of discretion. Although part of the several stipulations submitted listed the two credit cards as "determinate marital debts," I believe the stipulation was intended to identify the definitive amount, and creditor's identity, for debts that were acquired during the marriage rather than to distinguish them as "marital" debt or designate who should be responsible for the debt. Evidence of whether the respective debts should be considered marital or separate was presented without objection. The court determined that the parties had used their own credit cards for several years during which time they led mostly separate lives. Accordingly, I would not find the division of these debts acquired during the marriage to be reversible error, and dissent on that issue.

. . . . . . . . . . . . .

Copies mailed to:
Darrell L. Heckman
Wolodymyr Strileckyj
Hon. Brett A. Gilbert

Case Name:    *Jeanne A. Dickinson v. Kyle L. Dickinson*
Case No:         Champaign App. No. 2012-CA-5
Panel:             Fain, Donovan, Hall
Author:           Mike Fain
Summary: